UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

KEBIN VALENTIN A/K/A KEVIN VALENTIN,
MATTHEW DAVID VALENTIN,
ANABELY ACEVEDO,

      Plaintiffs,

v.

RMRP REALTY LLC,
1245 LLC, T.J.F. REALTY CORP.,
RONALD T. FATATO, RONALD J. FATATO,
INTER STATE SALES CORP.
D/B/A INTERSTATE SALES CORP.,

      Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiffs, KEBIN VALENTIN A/K/A KEVIN VALENTIN, MATTHEW DAVID VALENTIN, and ANABELY ACEVEDO bring this action against Defendants, RMRP REALTY LLC, 1245 LLC, T.J.F. REALTY CORP., INTER STATE SALES CORP. D/B/A INTERSTATE SALES CORP., RONALD T. FATATO, and RONALD J. FATATO, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and allege as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiffs KEBIN VALENTIN A/K/A KEVIN VALENTIN, MATTHEW DAVID VALENTIN, and ANABELY ACEVEDO were residents of the State of Florida and "employees" of Defendants as defined by the FLSA.

3.      At all times material hereto, Plaintiffs engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA including but not limited to interstate communication with Defendants in New York.

4.      At all times material hereto, Defendant, RMRP REALTY LLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of property management, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5.      At all times material hereto, Defendant, 1245 LLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of property management, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

6.      At all times material hereto, Defendant, T.J.F. REALTY CORP., was a New Jersey corporation with its principal place of business in South Florida, engaged in commerce in the field of property management, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

7.      At all times material hereto, Defendant, INTER STATE SALES CORP. D/B/A INTERSTATE SALES CORP., was a New Jersey corporation with its principal place of business in South Florida, engaged in commerce in the field of property management, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein,

engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

8. Defendants, RMRP REALTY LLC, 1245 LLC, T.J.F. REALTY CORP., and INTER STATE SALES CORP. D/B/A INTERSTATE SALES CORP., are a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

9. Defendants, RMRP REALTY LLC, 1245 LLC, T.J.F. REALTY CORP., and INTER STATE SALES CORP. D/B/A INTERSTATE SALES CORP., were joint employers of Plaintiffs under the Fair Labor Standards Act, shared Plaintiffs' services, had Plaintiffs acting in the interest of each business, and shared common control of Plaintiffs.

10. Defendant, RONALD T. FATATO, is a resident of Broward County, Florida and was, and now is, a manager of Defendants, RMRP REALTY LLC, 1245 LLC, T.J.F. REALTY CORP., AND INTER STATE SALES CORP. D/B/A INTERSTATE SALES CORP. D/B/A INTERSTATE SALES CORP., controlled Plaintiffs' duties, hours worked, and compensation, and managed the day-to-day operations of RMRP REALTY LLC, 1245 LLC, T.J.F. REALTY CORP., AND INTER STATE SALES CORP. D/B/A INTERSTATE SALES CORP. D/B/A INTERSTATE SALES CORP.. Accordingly, RONALD T. FATATO was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

11. Defendant, RONALD J. FATATO, is a resident of Westchester County, Florida and was, and now is, a manager of Defendants, RMRP REALTY LLC, 1245 LLC, T.J.F. REALTY CORP., AND INTER STATE SALES CORP. D/B/A INTERSTATE SALES CORP. D/B/A INTERSTATE SALES CORP., controlled Plaintiffs' duties, hours worked, and compensation, and managed the

day-to-day operations of RMRP REALTY LLC, 1245 LLC, T.J.F. REALTY CORP., AND INTER STATE SALES CORP. D/B/A INTERSTATE SALES CORP. D/B/A INTERSTATE SALES CORP.. Accordingly, RONALD J. FATATO was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

12. Two or more of Defendants' employees handled tools, supplies, and equipment manufactured outside Florida in furtherance of their business, including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper.

13. Plaintiff KEBIN VALENTIN A/K/A KEVIN VALENTIN worked for Defendants as a laborer.

14. Plaintiff MATTHEW DAVID VALENTIN worked for Defendants as a laborer.

15. Plaintiff ANABELY ACEVEDO worked for Defendants as a laborer.

16. Defendants failed to pay Plaintiffs KEBIN VALENTIN A/K/A KEVIN VALENTIN and MATTHEW DAVID VALENTIN their full and proper overtime wages of 1.5 times Plaintiffs' regular hourly rate for hours worked over 40 each week.

17. Defendants failed to pay Plaintiffs their full and proper minimum wages.

18. Attached as Exhibit A, Exhibit B, and Exhibit C are preliminary calculations of Plaintiffs' claims. These amounts may change as Plaintiffs engage in the discovery process.

19. Defendants have knowingly and willfully refused to pay Plaintiffs' legally-entitled wages.

20. Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

21. Plaintiffs have retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## <u>VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")</u>
## <u>ALL DEFENDANTS</u>

22. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-21 above as if set forth herein in full.

23. Plaintiffs allege this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiffs are entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

24. Plaintiffs seek recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791